# In the United States District Court for the Southern District of Georgia Brunswick Division

ELAINE JOHNSON and
BRIAN JOHNSON,

    Plaintiffs,

v.

HOWARD PODOLSKY,

    Defendant.

CV 2:22-133

## ORDER

Plaintiffs, who are residents of Florida, allege they were involved in a motor vehicle accident by fault of Defendant Howard Podolsky, a resident of New York, in Camden County, Georgia, on November 22, 2016. Dkt. No. 1 at 1. Plaintiffs initiated this personal-injury action on November 18, 2022. See id. Though a summons was issued November 21, 2022, dkt. no. 2, no proof of service or attempts at service was filed. On February 23, 2023, the Court ordered Plaintiffs to show cause as to whether Defendant had been served with the complaint and summons. Dkt. No. 4. The Court stated:

> Plaintiffs may show cause by providing proof of service or by explaining why Defendant has not yet been served, should this be necessary. If Plaintiffs choose the latter option, the Court will determine whether Plaintiffs have shown good cause for their failure to effectuate service within the time allowed under Rule

>  4(m) and, upon a showing of good cause, provide an extended period for service.

Id. at 2. On February 27, 2023, Plaintiffs filed several documents indicating that, on February 9, 2023, they had begun the process for serving Defendant, a non-resident motorist, in accordance with Georgia statute O.C.G.A. § 40-12-1 et seq. That statute provides that a non-resident of Georgia who operates a vehicle in the state appoints the Secretary of State of Georgia to accept service of process for him or her in any action growing out of any motor vehicle accident occurring within the state. § 40-12-1.

O.C.G.A. § 4-12-2 provides the procedure by which a plaintiff may serve a non-resident motorist defendant. It states that service of process "shall be made by serving a copy of the complaint . . . with summons attached thereto on the Secretary of State, . . . along with a copy of the [compliance] affidavit." § 4-12-2. Further, "[s]uch service shall be sufficient service upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith send by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance . . . are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending." Id.

In their show-cause response, Plaintiffs have shown that they successfully served the Secretary of State. Dkt. No. 5 at 1. They have also filed a notarized Affidavit of Compliance indicating that they "forwarded by registered or certified mail notice of service of the . . . case along with a copy of the Complaint and process to the Defendant" at his New York address. Id. at 3. However, in the two months between filing their show-cause response and the date of this Order, Plaintiffs have not filed Defendant's return receipt as required by § 40-12-2.

Accordingly, Plaintiffs are **ORDERED within fourteen days** to file with the Court any return receipt(s) indicating Defendant was served with process. If Plaintiffs have no such receipts, they are **ORDERED within fourteen days** to inform the Court of the status of service upon Defendant. Failure to do so will result in dismissal of this action.

**SO ORDERED**, this 24 day of April, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3