# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

|  |  |
|---|---|
| ELAINE JOHNSON and<br>BRIAN JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>HOWARD PODOLSKY,<br><br>    Defendant. | CV 2:22-133 |

**ORDER**

Before the Court are Plaintiffs' motion for default judgment and Defendant's motion to file an out-of-time answer. Dkt. Nos. 9, 10. Both motions are fully briefed and are ripe for review.

**BACKGROUND**

Plaintiffs Elaine and Brian Johnson, who are residents of Florida, allege they were involved in a motor vehicle accident by fault of Defendant Howard Podolsky, a resident of New York, in Camden County, Georgia, on November 22, 2016. Dkt. No. 1 at 1. Plaintiffs initiated this personal-injury action on November 18, 2022. See id. They assert "[t]he [s]ummons and complaint were received at the defendant's address on December 1, 2022." Dkt. No. 9 at 1. However, the record shows that Plaintiffs did not begin the process of serving Defendant, a non-resident motorist, in accordance with O.C.G.A. § 40-12-1, until February 9, 2023.

Dkt. No. 5 at 2, 13; see also Dkt. No. 8 (Plaintiffs' stating their initial attempt at serving the Secretary of State was unsuccessful). On February 27, 2023, Plaintiffs filed a certificate of acknowledgment from the Georgia Secretary of State showing that Defendant had been served on February 14, 2023. Dkt. No. 5 at 1, 12. His answer was therefore due on March 7, 2023.

Defendant finally filed his answer on April 25, 2023. Dkt. No. 7. On May 11, 2023, Plaintiffs moved for default judgment against Defendant due to Defendant's late answer. Dkt. No. 9. It should be noted that Plaintiffs moved for default *judgment* even though *default* had not yet been entered against Defendant. On May 23, 2023, Defendant moved to file an out-of-time answer. Dkt. No. 10.

## DISCUSSION

### I. Plaintiffs' Motion for Default Judgment

"It is well-settled that securing a default judgment is generally a multi-step process." Dormakaba USA Inc. v. Dormakaba USA Co. Inc., No. 1:21-CV-01488-JPB, 2022 WL 19930701, at *1 (N.D. Ga. June 17, 2022). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Next, 'the party must apply to the court for a default judgment,' unless he can show by affidavit that the claim is for 'a sum

2

certain or a sum that can be made certain by computation.'" Dormakaba, 2022 WL 19930701, at *1 (quoting Fed. R. Civ. P. 55(b)). "Upon finding that a default judgment is appropriate, the court may then conduct a hearing to determine any applicable damages." Id. (citing Fed. R. Civ. P. 55(b)).

Here, Plaintiffs are "not entitled to a default judgment because [they have] not obtained an entry of default." Evans v. Strayer Univ., No. CV 115-196, 2016 WL 5844857, at *2 (S.D. Ga. Oct. 3, 2016). "Nor will [they] be able to obtain one, because Defendant has appeared in this case and attempted to defend." Id. Moreover, Plaintiffs' motion does not constitute a proper application for default judgment, that is, the motion does not set forth a sufficient basis for judgment to be entered. Dormakaba, 2022 WL 19930701, at *1. Therefore, the Court **DENIES** Plaintiffs' motion for default judgment. Dkt. No. 9.

## II. Defendant's Motion to File Answer Out-of-Time

### A. Legal Authority

A "request for leave to file an out-of-time answer" should be "analyzed as a motion to set aside an entry of default under the more forgiving Rule 55(c) standard as opposed to the more exacting Rule 6(b)(1)(B) standard." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014). Rule 55(c) provides that a "court may set aside an entry of default for good cause."

3

"In determining whether 'good cause' has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." S.E.C. v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996)).

**B. Defendant's Attempt to Show Good Cause**

In his motion, Defendant explains the approximately fifty-day delay between when his answer was due (March 7, 2023, based on a service date of February 14, 2023) and when it was filed (April 25, 2023). Defendant explains this case is a "re-filed lawsuit." Dkt. No. 10 at 2. Upon Defendant being served with process, Defendant's wife "informed Allstate Insurance Company, Defendant Podolsky's insurer, of the re-filed lawsuit." Id. She "also contacted the attorney who represented [Defendant] in the previous lawsuit." Id. "On February 28, 2023, Mrs. Podolsky called Allstate and left several voicemails with [a representative] regarding service, but she did not receive a response." Id. "On March 1, 2023, M[r]s. Podolsky called Andrew Blankenship of Allstate about service on Defendant Podolsky and left voicemails,

4

but she did not receive a response." Id. at 2-3. "She also called claims at Allstate to report service, but no one returned her phone call." Id. at 3. "On March 7, 2023, M[r]s. Podolsky scanned in the service packet and sent it to the attorney who represented her husband in the prior lawsuit." Id. "Despite her multiple communications with Allstate and the attorney who represented her husband in the prior lawsuit, an answer was not filed on behalf of Defendant Podolsky." Id. "On April 7, 2023, M[r]s. Podolsky was finally told by Defendant Podolsky's prior attorney, after repeated attempts to contact him, that he would no longer be representing Defendant Podolsky and the case would be reassigned." Id. "On or about April 24, 2023, Counselor Jena G. Emory received this case." Id. at 3-4. "On April 25, 2023, counsel for Defendant Podolsky[] filed an answer[.]" Dkt. No. 7. "On April 26, 2023, counsel for Defendant Podolsky drafted a consent motion to file an out-of-time answer and sent it to Plaintiffs' counsel." Dkt. No. 10 at 4. Despite counsel's following up, "Plaintiffs' counsel never responded regarding whether he would consent to the motion." Id.

### C. Analysis of the Good Cause Factors

#### i. Whether the default was culpable or willful

The Court now turns to the good cause factors enumerated in Johnson. To begin, nothing in the record indicates that Defendant's failure to file a timely answer was culpable or

5

willful. Based on Defendant's uncontradicted assertions, upon service of the complaint, Defendant's wife diligently contacted the attorney who had represented Defendant in the prior lawsuit based on the same accident at issue in this case. Due to the attorney's extended delay in responding, Defendant did not learn he lacked representation until one month after the answer was due. While Defendant could certainly have done more to ensure an answer was timely filed, his obvious confusion regarding his representation does not rise to the level of culpable or willful behavior. This factor weighs in favor of allowing Defendant to file his answer out-of-time.

> ## ii. Whether setting it aside would prejudice the adversary

Second, setting aside default in this case would not prejudice Plaintiffs. The case is still at the beginning stages of litigation, and the parties have not yet engaged in discovery. Indeed, Plaintiffs have not argued any prejudice, and Plaintiffs' having to continue to litigate the case does not count as prejudice in this context. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009)("[T]he inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."). This factor weighs in favor of setting aside default.

### iii. Whether the defaulting party presents a meritorious defense

Here, the third factor also weighs in favor of allowing Defendant to file his answer out-of-time. Defendant contends that Plaintiff—not Defendant—caused the accident at issue. Such a defense merits further discovery.

### iv. Whether there would be significant financial loss to the defaulting party

Neither party thoughtfully addresses whether Defendant would suffer significant financial loss were he not allowed to file his answer out-of-time. This factor is thus neutral to both parties.

### v. Whether the defaulting party acted promptly to correct the default

Finally, the fifth factor weighs slightly in favor of allowing Defendant to file his answer out-of-time. Based on Defendant's assertions, which are supported by affidavits, Defendant did not learn of his default until one month after his answer was due. However, approximately seventeen days went by before Defendant was assigned a new attorney. It is unclear whether Defendant's former counsel passed the case along or whether Defendant was forced to search for new counsel. Regardless, Defendant gives no reason for this delay. Yet, once the case finally reached his current counsel, Defendant's answer was filed promptly, within two days.

While this factor is close, it weighs slightly in Defendant's favor.

After consideration of all the relevant factors, the Court finds that Defendant's default should be set aside and he should be allowed to file his answer out-of-time. Therefore, Defendant's motion, dkt. no. 10, is **GRANTED**, and his answer is deemed timely filed.

## CONCLUSION

Plaintiffs' motion for default judgment, dkt. no. 9, is **DENIED**, and Defendant's motion to set aside default and file answer out-of-time is **GRANTED**. The parties are also reminded of their Rule 26 obligations. See Dkt. No. 2.

**SO ORDERED**, this 29th day of June, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA